IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

JUN -9 2011

Raymond Edward Gill,
    Petitioner,

v.      1:10cv717 (JCC/JFA)

Warden,
    Respondent.

## MEMORANDUM OPINION

Raymond Edward Gill, a federal inmate housed in the Eastern District of Virginia and proceeding pro se, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, challenging the computation of his sentence. On December 6, 2010, respondent filed a Motion to Dismiss or, in the Alternative, for Summary Judgment. Gill was given the opportunity to file responsive materials, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and has filed a response. Gill has also filed two Motions for Writ of Mandamus. For the reasons that follow, respondent's Motion to Dismiss will be granted, Gill's claims will be dismissed, respondent's Motion for Summary Judgment will be denied as moot, and Gill's Motions for Writ of Mandamus will be denied.

### I. Background

On April 1, 1981 in the United States District Court for the District of Maryland, Gill was sentenced to fifteen years of imprisonment for bank robbery and aiding and abetting. See United States v. Gill, Case No. K-81-017 (D. Md. April 1, 1981), ECF No. 33-1 Attach 1. In the United States District Court for the District of Maryland on June 2, 1981, Gill was sentenced to twenty years of imprisonment for robbery of a savings and loan and aiding and abetting, which was ordered to run concurrently with the fifteen year sentence. See United States v. Gill, Case No.

K-81-0105 (D. Md. June 2, 1981), ECF No. 33-1 Attach 2.

Gill was transferred to a halfway house in Baltimore, Maryland while serving his sentences. See Flagg. Aff. at 3, ECF No. 33-1. He was deemed to have escaped from federal custody on September 3, 1985 when he failed to return to the halfway house. Id. Gill's federal sentence therefore became inoperative on September 4, 1985.

Gill was arrested on November 11, 1985 by the New Jersey State Police for state offenses. The United States Marshal Service lodged a federal detainer against Gill with the New Jersey State Police based on new federal offenses of bank robbery and escape. See Detainer, ECF 33-1 Attach. 4. Gill's state charges were dismissed on December 4, 1985, and he was released to the custody of Baltimore County, Maryland on December 18, 1985, where he was charged with multiple counts of armed robbery and robbery.

Gill was removed from state custody through a federal writ on January 17, 1986. See Flagg. Aff. at 3, ECF No. 33-1. He received an aggregated twenty-five year sentence in the United States District Court for the District of Maryland on June 12, 1986 for bank robbery and escape. Id. at 4.

Gill was returned to the custody of Maryland, where he received a twenty-five year term of imprisonment to be served concurrently with his federal twenty-five year sentence. The state of Maryland released Gill to primary federal custody on February 27, 1987 for service of his federal sentences. Id. at 4.

The Bureau of Prisons (BOP) updated Gill's sentence computation to reflect that his federal sentence was inoperative from the day he escaped (September 4, 1985) until the day before Maryland released Gill to federal custody (February 26, 1987), which totals 541 days of

inoperative time. His federal sentence computation was also updated to include his new terms of imprisonment. Id.

Gill was released on parole from his federal sentences on June 11, 1999, with time remaining on his sentences. A parole violation warrant was issued on Gill on January 21, 2000, and he came back into federal custody on January 28, 2000 to serve a term for violation of parole. Id. at 5. On September 28, 2000, he was released on parole from his parole violation term, with time remaining on his sentences.

Gill began serving a 180-day term in a drug care facility on June 12, 2001, but he had absconded from the facility as of August 18, 2001, with 112 days remaining on this term. Gill committed a new federal offense involving bank robbery on August 17, 2001. He was sentenced to 151 months incarceration on April 5, 2002 in the United States District Court for the District of Maryland for bank robbery, attempted bank robbery, and aiding and abetting. The BOP prepared a sentence computation for Gill's current sentence, which reflects that he is projected to satisfy the 151-month term on August 22, 2012. Id. The United States Parole Commission lodged a detainer against Gill on June 6, 2002, which indicates a warrant for violation of parole. Gill is currently serving only his most recent 151-month term. Id.

In the instant petition, Gill argues that he is entitled to 541 days credit toward his federal sentence for the time between September 4, 1985 and February 26, 1987. Based on the pleadings and record before the Court, it is uncontested that Gill exhausted all of his claims. Accordingly, this matter is now ripe for review on the merits.

## II. Standard of Review

Rule 12(b)(6) allows a court to dismiss those allegations which fail "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A court may dismiss claims based

upon dispositive issues of law. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). The alleged facts are presumed true, and the complaint should be dismissed only when "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). To survive a 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. ----, ----, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to meet this standard, id., and a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level . . .". Twombly, 550 U.S. at 55. Moreover, a court "is not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 129 S. Ct. at 1949-50. Courts may also consider exhibits attached to the complaint. United States ex rel. Constructors, Inc. v. Gulf Ins. Co., 313 F. Supp. 2d 593, 596 (E.D. Va. 2004) (citing 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1357, at 299 (2d ed.1990), cited with approval in Anheuser-Busch v. Schmoke, 63 F.3d 1305, 1312 (4th Cir.1995)). Where a conflict exists between "the bare allegations of the complaint and any attached exhibit, the exhibit prevails." Gulf Ins. Co., 313 F. Supp. 2d. at 596 (citing Fayetteville Investors v. Commercial Builders, Inc., 936 F.2d 1462, 1465 (4th Cir.1991)).

## III. Analysis

Gill is not entitled to 541 days credit toward the federal sentence that he is currently serving, and the issue of whether he is entitled to 541 days credit toward his previous federal sentence is not ripe for review. Therefore, respondent's motion to dismiss will be granted.

Following a federal conviction and sentencing, the United States Attorney General, acting through the BOP, is responsible for calculating the inmate's term of confinement, including determination of when the sentence commences. United States v. Wilson, 503 U.S. 329, 334 (1992). Title 18 U.S.C. § 3585(b) determines the calculation of how much credit toward the service of a federal sentence an inmate receives for prior custody. It states

> Credit for prior custody.--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
> (1) as a result of the offense for which the sentence was imposed; or
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

Here, Gill is currently serving a 151-month sentence that was imposed on April 5, 2002 in the United States District Court for the District of Maryland for offenses that occurred on August 17, 2001. The 541 days for which Gill seeks to be given credit were the days between September 4, 1985 and February 26, 1987. Even if Gill had been "in official detention" for this entire time period—which he was not given that he did not return to the halfway house on September 4, 1985, was not re-arrested by state authorities until November 11, 1985, and was not returned to federal custody until February 26, 1987—it is clear that he is not entitled to 541 days credit for this time toward the service of his present term of imprisonment. Gill did not commit the offense for which the present 151-month sentence was imposed until August 17, 2001. Therefore, he could not have been "in official detention" from September 4, 1985 until

February 26, 1987 "as a result of the offense for which the [present 151-month] sentence was imposed" or "as a result of any other charge for which the defendant was arrested after the commission of the offense for which the [present 151-month] sentence was imposed." 18 U.S.C. § 3585(b).

Moreover, the issue of whether Gill is entitled to 541 days credit toward his previous federal sentence is not ripe for review because he is not currently serving that sentence. Because the "computation of the credit [under § 3585(b)] must occur after the defendant begins his sentence[,]" the issue of whether Gill is entitled to 541 days credit toward any of his other federal sentences is not yet ripe for review. See Wilson, 503 U.S. at 333.

### IV. Motions for Writ of Mandamus

Gill has also filed two motions for writ of mandamus. In the first motion, he asks that "a rule be made in this case" and in the second motion, he asks that "a timely rule be made in this case." Because the petition will be dismissed, these motions will be denied as moot.

### V. Conclusion

For the above stated reasons, this petition will be dismissed. An appropriate Order shall issue.

Entered this 9th day of June 2011.

Alexandria, Virginia

/s/
James C. Cacheris
United States District Judge